UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

JACENTA R. GRIFFIN,

                          Plaintiff,

-vs-                                        16-CV-6029 (CJS)

ANTHONY DELVECCHIO, et al.,              DECISION AND ORDER

                          Respondent.
_____

      This matter is before the Court on Defendants' motion for attorney's fees, and Plaintiff's subsequent motion to vacate the Clerk's order taxing Plaintiff with costs. Def. Mot. Att'y Fees, May 10, 2019, ECF No. 73; Pl. Mot. Vacate, Sept. 26, 2019, ECF No. 83. For the reasons stated below, Defendants' motion [ECF No. 73] is denied, Plaintiff's motion is denied [ECF No. 83], and the Clerk is directed to close the case.

## BACKGROUND

      In 2016, Plaintiff Jacenta R. Griffin ("Griffin") filed an action against individual police officers Anthony Delvecchio ("Delvecchio") and Salvatore V. Amato ("Amato"), as well as Michael Ciminelli, Chief of the Rochester Police Department and the City of Rochester, New York (collectively, "Defendants"). Compl., Jan. 19, 2016, ECF No. 1. Griffin alleged that on the evening February 2, 2015, Delvecchio and Amato assaulted her as they were transporting her to Rochester General Hospital on a mental hygiene arrest. *Griffin v. Delvecchio*, No. 16-CV-6029-CJS, 2016 WL 3232260, at *1 (W.D.N.Y. June 13, 2016). More specifically, Griffin alleged

1

that while driving her to the hospital, Delvecchio and Amato pulled the police vehicle over to the side of the road, opened the rear door of the vehicle, and "punched or elbowed Plaintiff's mouth causing her front tooth to be knocked out and causing her lip to be split open." *Id.* at *2. Griffin also contended that after knocking out her tooth and splitting her lip, Delvecchio and Amato "violently punched [her] in her face, left eye, head and other areas of her body thus causing [her] to lose consciousness until she eventually arrived at Rochester General Hospital." *Id.* Griffin's blood alcohol level upon arrival at the hospital was 0.345,[1] nearly four times the legal limit for driving in New York, and there is much she could not recall from that evening. *Id.* at *6. However, she did recall waking up the following morning to find her face swollen and her left front tooth in the pocket of her sweatpants. *Id.* at *4.

Griffin's complaint alleged several constitutional violations under 42 U.S.C. § 1983, and contained the following causes of action:

> (I) alleging that Delvecchio, Amato, and the City used excessive force in violation of Griffin's Fourth Amendment rights; (II) alleging that Delvecchio and Amato conspired to violate Griffin's Fourth and Fourteenth Amendment rights; (III) alleging the City maintained a custom or policy of inadequate training of its police officers; (V) alleging a claim that the Chief and the City failed to properly supervise and train its police officers; (VI) alleging a claim of battery against Delvecchio and Amato; (VII) alleging Delvecchio and Amato intentionally assaulted Griffin; (VII) alleging that Delvecchio and Amato intentionally inflicted emotional distress on Griffin; (VIII) alleging that Delvecchio and Amato negligently inflicted emotional distress on Griffin; and (VIII) alleging all Defendants were negligent.[2]

---

[1] Brian S. Greenberg, M.D., testified in his deposition that a blood alcohol level of 0.345 is "significantly elevated," and impairs judgment and the ability to function normally. *Id.* at *6.
[2] In apparent typographical errors, Griffin's complaint omitted Roman Numeral four (IV) and

*Id.* at \*2. Defendants filed a motion for partial dismissal, and the Court dismissed all of Griffin's claims except the following: (I) alleging that Delvecchio, Amato, and the City used excessive force in violation of Griffin's Fourth Amendment rights; (VI) alleging a claim of battery against Delvecchio and Amato; and (VII) alleging Delvecchio and Amato intentionally assaulted Griffin. *Id.* at \*6.

Following discovery, Defendants filed a motion for summary judgment. Mot. Summ. J., Mar. 30, 2018, ECF No. 37. In their motion, Defendants claimed "that [Griffin]'s version of events is unsupported by any hard evidence, thus, no issues of fact exist, and" Defendants had consequently shown their entitlement to judgment. *Griffin v. Delvecchio*, No. 16-CV-6029-CJS-MWP, 2018 WL 6624196, at \*8 (W.D.N.Y. Dec. 18, 2018). The Court observed that Griffin "relies almost exclusively on her own recollection of events," but found that "[m]aterial issues of fact prevent[ed] the Court from granting Defendants' motion for summary judgment or qualified immunity." *Id.* at \*10.

In particular, the Court noted an issue of fact regarding the timing of the injuries Griffin allegedly sustained. *Id.* at \*8. After Defendants provided deposition testimony from hospital employees indicating that Griffin was conscious and did not show signs of being injured upon her arrival at the hospital, Griffin did not "change[ ] her story about the unprovoked assault in the police car." *Id.*

---

contained two Roman Numeral sevens (VII) and eights (VIII).

Defendants, on the other hand, maintained that, "to the extent Plaintiff sustained any injuries while in their custody and control, such injuries occurred at the hospital and not in the police car." *Id.* The Court found that this dispute of fact precluded summary judgment because "[a] jury could reject Griffin's claim about being beaten in the police car, find that the injuries of which she complains occurred at the hospital, and determine, given her mental and physical state, that these injuries resulted from the use of excessive force at the hospital." *Id.* Accordingly, the Court set the matter for trial.

The jury trial commenced on April 29, 2019. Min. Entry, Apr. 29, 2019, ECF No. 66. On May 2, 2019, the jury returned a verdict in favor of Defendants. Jury Verdict, May 2, 2019, ECF No. 70, 71. On May 10, 2019, Defendants filed a motion for attorney's fees pursuant to 42 U.S.C. § 1988. Def. Mot. Att'y Fees, ECF No. 73. At the same time, Defendants also filed a "Bill of Costs" under Fed. R. Civ. P. 54. Am. Bill of Costs, May 10, 2019, ECF No. 75. Nearly four months after a notice of intent to tax costs, the Clerk of Court issued an order taxing costs to Griffin in the amount of $1,650. Clerk's Order, Sept. 20, 2019, ECF No. 82. Griffin then moved the Court to vacate the clerk's order. ECF No. 83. Now before the Court are both Defendant's motion for attorney's fees and Griffin's motion to vacate the Clerk's order taxing costs.

DISCUSSION

Defendants' Motion for Attorney Fees under 42 U.S.C. §1988

"The statute involved here, 42 U.S.C. § 1988, allows the award of 'a reasonable attorney's fee' to 'the prevailing party' in various kinds of civil rights cases, including suits brought under § 1983." *Fox v. Vice*, 563 U.S. 826, 832–33 (2011). Defendants in this case argue that they are entitled to attorney's fees pursuant to 42 U.S.C. § 1988 because "discovery in this matter had demonstrated that plaintiff's claims for excessive force, assault and battery were frivolous and groundless, yet plaintiff continued to litigate those claims." Decl. in Supp., ¶ 2, May 10, 2019, ECF No. 73-1. The Court disagrees.

"In enacting § 1988 . . . Congress sought 'to protect defendants from burdensome litigation having no legal or factual basis.'" *Fox*, 563 U.S. at 833 (quoting *Christiansburg Garment Co. v. EEOC*, 434 U.S. 412, 420 (1978)). Hence, as applied by the Second Circuit Court of Appeals, "[a]ttorney's fees may be awarded to a successful defendant in a civil rights action pursuant to 42 U.S.C. § 1988 where the underlying claim is "frivolous, unreasonable, or groundless, or ... the plaintiff continued to litigate after it clearly became so." *Rounseville v. Zahl*, 13 F.3d 625, 632 (2d Cir.1994) (quoting *Oliveri v. Thompson*, 803 F.2d 1265, 1272 (2d Cir.1986)). "A claim is frivolous where it lacks an arguable basis either in law or in fact." *Carrillos v. Inc. Vill. of Hempstead*, 87 F. Supp. 3d 357, 385 (E.D.N.Y. 2015) (quoting *Shakur v. Selsky*, 391 F.3d 106, 113 (2d Cir. 2004)) (internal quotation marks

omitted)).

Nevertheless, "[c]oncerned about the potential chilling effect on section 1983 plaintiffs—who are the chosen instrument of Congress to vindicate a policy of the highest national priority—" courts in the Second Circuit should be careful in the award of attorney fees to victorious defendants in § 1983 actions. *Rounseville*, 13 F.3d at 632 (internal citations and quotation marks omitted). "The fact that a plaintiff may ultimately lose his case is not in itself a sufficient justification for the assessment of fees in favor of the defendant." *LeBlanc-Sternberg v. Fletcher*, 143 F.3d 765, 770 (2d Cir. 1998) (quoting *Hughes v. Rowe*, 449 U.S. 5, 14 (1980) (per curiam)) (internal quotation marks omitted). Indeed, the Supreme Court has cautioned that courts must not "engage in *post hoc* reasoning by concluding that, because a plaintiff did not ultimately prevail, [her] action must have been unreasonable or without foundation." *Christiansburg*, 434 U.S. at 421–22.

Accordingly, the Second Circuit has provided the following guidance to district courts considering the award of attorney's fees under 42 U.S.C. § 1988:

> Certain types of judicial rulings strongly indicate that a plaintiff's claim should not be deemed frivolous, groundless, or unreasonable. For example, a court cannot properly consider a claim to be frivolous on its face if it finds that the plaintiff must be allowed to litigate the claim…. Nor may a claim properly be deemed groundless where the plaintiff has made a sufficient evidentiary showing to forestall summary judgment and has presented sufficient evidence at trial to prevent the entry of judgment against him as a matter of law.

*LeBlanc-Sternberg*, 143 F.3d at 770–71 (2d Cir. 1998).

6

Defendants in this case argue that "[b]ecause plaintiff here continued to press her claims even after discovery had revealed them to be groundless," the defense is entitled to fees. Def. Mem. of Law, 12, May 10, 2019, ECF No. 73-12. In support of their argument, Defendants point to a case out of the Southern District of New York in which an award of attorney's fees was upheld by the Second Circuit. *Id.* at 10–13 (citing *Abeyta v. City of New York*, 588 Fed. App'x 24, 26 (2d Cir. 2014)).

In *Abeyta*, as in the present case, the plaintiff filed suit against police officers alleging an assault that violated his civil rights pursuant to 42 U.S.C. § 1983 and various state laws. *Abeyta v. City of New York*, No. 12 CIV. 5623 KBF, 2014 WL 929838, at *1 (S.D.N.Y. Mar. 7, 2014). The defendants filed a motion for summary judgment that the district court denied on the basis of "a handful of disputed facts… [which] largely rested on plaintiff's credibility." *Id.* After a jury trial, a verdict was rendered in favor of the defendants and the district court stated that "it had been prepared, were the jury to have returned any other verdict, to grant a judgment notwithstanding the verdict based on the lack of credible evidence . . . ." *Id.*

In addition, the district court judge stated, in open court, "I feel bad for the jury that they had to sit through this." *Id.* at *2. The decision further explained:

> Plaintiff's testimony was contradictory, unbelievable, and wholly lacking in veracity. Specifically, while it seemed at the summary judgment stage that the officer defendants could have slammed plaintiff's head against the hood of their squad car, it became clear at trial that there was no credible evidence to support such a claim. Similarly, while it seemed at the summary judgment stage that plaintiff could have suffered life-altering brain injuries as a result of the alleged incident, it became evident at trial that plaintiff could not prove the

7

existence of any injuries proximately caused by the alleged incident.

*Id.*

Accordingly, the *Abeyta* district court awarded the defendants $211,747.50 in attorney's fees, payable by Plaintiff. *Id.* at *6. On review, the Second Circuit saw no reason to disturb the Court's decision, and noted approvingly that "[t]he District Court also gave ample consideration to plaintiff's ability to pay." *Abeyta*, 588 F. App'x at 26.

Although the circumstances in the present case are similar to *Abeyta* in some respects, there are important respects in which the two cases differ. For instance, the trial court in *Abeyta* concluded that the plaintiff had fabricated not only the story of his assault, but also his injuries. *Abeyta*, 2014 WL 929838, at *2. In the present case, however, Griffin produced photographic evidence in depositions of her swollen face the following morning and of a gap in her teeth where a tooth should have been. Ex. 5, June 6, 2019, ECF No. 77-5 ("morning after" photos of Griffin introduced during her deposition testimony). Moreover, this Court found at the summary judgment stage that even if Griffin was not assaulted in the police vehicle, the jury could still find a plausible Fourth Amendment claim for excessive force based on events that occurred between Griffin and Delvecchio and Amato at the hospital. *Id.* at *8. Lastly, Griffin's history of mental instability, as reflected in the record, suggests her financial situation differed dramatically from that of the *Abeyta* plaintiff.[3] *See, e.g.,*

---

[3] This decision is being rendered in the midst of the Covid-19 pandemic, which, as of yet, is of

*Id.* at \*6 ("the Court notes that bank and other records introduced at trial indicate that the plaintiff has access to a steady source of cash, a car, and other accouterments of a man with some means").

Because the allegations in Griffin's complaint were sufficient to survive a motion to dismiss, there was a sufficient evidentiary showing to forestall summary judgment, and Griffin introduced sufficient evidence at trial to prevent the entry of judgment against her as a matter of law, the Court declines now to find that Griffin's claim lacked "an arguable basis either in law or in fact." *Carrillos*, 87 F. Supp. 3d at 385. *See also, LeBlanc-Sternberg*, 143 F.3d at 770–71. To do so would be to engage in that *post hoc* reasoning against which the Supreme Court cautioned. *See Christiansburg*, 434 U.S. at 421–22.

Accordingly, Defendants' motion for attorney's fees must be denied.

<u>Griffin's Motion to Vacate the Clerk's Order Taxing Costs</u>

"Rule 54(d)(1) is straightforward. It provides, in relevant part: 'Unless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party.'" *Marx v. Gen. Revenue Corp.*, 568 U.S. 371, 377 (2013) (quoting Fed. R. Civ. P. 54). This rule "codifies a venerable presumption that prevailing parties are entitled to costs." *Id.* Hence, "the losing party has the burden to show that costs should not be imposed . . . ."

---

undetermined magnitude and which is draining not only the financial resources of individuals but of our country as well.

*Nicholson v. Fischer*, No. 13-CV-6072-FPG, 2018 WL 6616333, at *1 (W.D.N.Y. Dec. 18, 2018) (quoting *Whitfield v. Scully*, 241 F.3d 264, 270 (2d Cir. 2001), *abrogated on other grounds by Bruce v. Samuels*, 136 S. Ct. 627 (2016)) (internal quotation marks omitted). "[T]he decision to award costs under Rule 54(d)(1) is committed to the sound discretion of the district court." *Carter v. Inc. Village of Ocean Beach*, 759 F.3d 159, 164 (2d Cir. 2014) (internal quotation marks omitted).

In this case, the Defendants timely filed their verified Bill of Costs, but Griffin failed to file a memorandum in opposition. After a few months elapsed, the Clerk duly ordered the taxation of costs to Griffin. Griffin now moves the Court to vacate costs due to her financial hardship. Pl. Mem. of Law, 5, Sept. 26, 2019, ECF No. 83-6. In response, Defendants argue that Griffin's failure to timely oppose the Bill of Costs acts as a waiver of her present efforts to vacate costs, and that none of the factors cited by Griffin justifies vacating the costs taxed. Def. Mem. of Law, 1–2, Oct. 7, 2019, ECF No. 84.

With respect to the Defendants' waiver argument, the Local Rules of this district provide that a party entitled to recover costs must submit a verified Bill of Costs to the Clerk of Court within thirty days after entry of a final judgment, and the opposing party must file any memorandum in opposition to any costs within twenty-one days of service of the Bill of Costs. L. R. Civ. P. 54 (a)–(b). It is undisputed that Griffin failed to timely file a memorandum in opposition to those costs. In fact, she concedes that the "costs were not initially opposed as they appeared to be accurate."

Pl. Mem. of Law at 3. However, the Court will consider the merits of Griffin's argument because Fed. R. Civ. P. 54(d)(1) provides that on a motion served within 7 days of the clerk's taxing of costs, "the court may review the clerk's action."

With respect to Griffin's argument of financial hardship, the Court observes that "[a]s a general matter a district court may deny costs on account of a losing party's indigency, but indigency *per se* does not automatically preclude an award of costs." *Hassan v. City of Ithaca*, No. 6:11-CV-06535 (MAT), 2016 WL 4430604, at *2 (W.D.N.Y. Aug. 21, 2016) (quoting *Whitfield*, 241 F.3d at 270). The losing party must establish in the record that she is incapable of paying the court-imposed costs. *Id.* (citing *McGill v. Faulkner*, 18 F.3d 456, 459 (7th Cir. 1994)).

While Griffin does submit an affidavit alleging her indigency, she fails to establish a sufficient record to justify this Court's denial of costs to Defendants. Griffin's affidavit states that she lost her part-time job at Family Dollar around the time of her trial, has not worked since, and has been denied unemployment benefits. Affidavit, ¶ 4–5, Sept. 26, 2019, ECF No. 83-5. She denies having a bank account or any savings, and she acknowledges over $30,000 in student loan debt. Affidavit at ¶ 11–12. She also claims that she can pay neither for her attorney's services nor for the cost of replacing her left front tooth. Affidavit at ¶ 13. Yet Griffin fails to provide any documentation supporting the statements in her affidavit, or to adequately explain how or why she would be prevented from obtaining gainful employment now or in the future.

11

Consequently, Griffin's motion to vacate costs is denied.

CONCLUSION

For the above stated reasons, Defendants' motion for attorney fees under 42 U.S.C. § 1988 [ECF No. 73] is denied, and Griffin's motion to vacate costs [ECF No. 83] is denied. The Clerk is directed to close this case.

IT IS SO ORDERED.

Dated: March 30, 2020
Rochester, New York

/s/ Charles J. Siragusa
CHARLES J. SIRAGUSA
United States District Judge